IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

TERRY TORRES,

    Plaintiff,

v.                                                                               CIV 18-0984 LF/KBM

WASHINGTON PRIME GROUP, LP,
a Foreign Limited Partnership d/b/a
COTTONWOOD MALL,

    Defendant.

## **ORDER TO AMEND**

This matter comes before the Court sua sponte, following its review of the Notice of Removal (*Doc. 1*), filed by Defendant Washington Prime Group, LP ("WPG") on October 22, 2018. The Court has a duty to determine whether subject matter jurisdiction exists sua sponte. *See Turk v. United States Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988). The Court, having considered the Notice of Removal, the applicable law, and being otherwise fully advised in the premises, concludes that the Notice of Removal fails to allege the necessary facts in order to sustain diversity jurisdiction.

Under 28 U.S.C. § 1332(a), federal courts have "original jurisdiction in all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs and is between citizens of different States . . . ." When a plaintiff files a civil action in state court over which the federal court would have original jurisdiction based on diversity of citizenship, the defendant may remove the action to federal court, provided that no defendant is a citizen of the State in which such action is brought. *See* 28 U.S.C. § 1441(a), (b). The removing party bears the burden of

establishing the requirements for federal jurisdiction. *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001), *abrogated on other grounds by Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547 (2014).

In this case, Defendant filed the Notice of Removal under diversity jurisdiction, but fails to allege the necessary facts to determine if there is a complete diversity of citizenship between the parties. First, Defendant only alleges that Plaintiff is a resident of New Mexico, not a citizen. Residency is not equivalent to citizenship. *See Siloam Springs Hotel, L.L.C. v. Century Surety Co.*, 781 F.3d 1233, 1238 (10th Cir. 2015). Further, a limited partnership (L.P.) is a citizen of each and every state in which any member is a citizen. *See Penteco Corp., Ltd. P'ship-1985A v. Union Gas Sys., Inc.*, 9292 F.2d 1519, 1522-23 (10th Cir. 1991). Here, Defendant WPG describes itself as a limited partnership, "which is organized in the State of Indiana and is headquartered in the State of Ohio." *Doc. 1* at 2. However, it provides no additional information on the citizenship of the limited partnership's members.

Accordingly, the Court will give the removing Defendant the opportunity to file an amended notice of removal to allege facts necessary to sustain diversity jurisdiction. *See Hendrix v. New Amsterdam Casualty Co.*, 390 F.2d 299, 300-02 (10th Cir. 1968) (permitting amendment of notice of removal to allege principle place of business of the defendant, along with citizenship, rather than mere residence, of the plaintiff); *Buell v. Sears, Roebuck & Co.*, 321 F.2d 468, 471 (10th Cir. 1963) (permitting amendment after appeal to allege corporation's principle place of business); *see also* 28 U.S.C. § 1653 ("Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts.").

Wherefore,

**IT IS HEREBY ORDERED** that Defendant amend the Notice of Removal to properly allege facts sufficient for diversity jurisdiction, if such allegations can be made in compliance with the dictates of Rule 11 of the Federal Rules of Civil Procedure, no later than November 6, 2018.

**IT IS FURTHER ORDERED** that if such an amended notice of removal is not filed by November 6, 2018, the Court may remand this action back to state district court.

_____
UNITED STATES MAGISTRATE JUDGE